## SUSAN A. CAIN v. JOHN G. CAIN.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY.

Argued February 4, 1891—Decided February 16, 1891.

On the trial of an issue awarded in divorce, on the libel of a wife averring cruel and barbarous treatment and indignities to her person, it was not error to exclude offers by the plaintiff of a letter from her husband, irrelevant on its face, and self-serving declarations by the plaintiff, not in the presence of the defendant and not shown to be part of the res gestæ.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Statement of Facts.

No. 125 July Term 1890, Sup. Ct.; court below, No. 104 June Term 1888, C. P.

On December 15, 1888, in proceedings for a divorce, upon the libel of Susan A. Cain against her husband John G. Cain, an issue was awarded, wherein the libellant was plaintiff and the respondent defendant, to determine whether or not the said defendant had by cruel and barbarous treatment endangered the life of the plaintiff, or had offered such indignities to her person as to render her condition intolerable and life burdensome, and had thereby forced her to withdraw from his house and family. Issue joined.

At the trial on June 11, 1889, it was made to appear that the plaintiff and defendant were married on January 26, 1869, and that, with the exception of two short periods, they had lived together in Lancaster county until November 16, 1885, when the plaintiff left her husband and went to Montgomery county, where she afterwards resided. The plaintiff and defendant both testified as witnesses. In the plaintiff's case in chief, she identified a letter received by her from the defendant, dated April 12, 1886, reading literally as follows:

"Bart will Susana A Cain I must in Form you that that money of Dr Martins must be Paid on site    I seen Rober Mc-Cloor to Day he must have it on site    I told hih I would Rite to you Conserning hit    I must here By Return Mail or I will have to see Jacob Heyberger Conserning it    J. G. CAIN"

The letter being offered in evidence and objected to as immaterial, the offer was refused; exception. [1]

Henry Morris was called for the plaintiff and testified that he lived in Montgomery county, and the plaintiff had her home with him; that she visited his house in 1883, before she came there to live in 1885. Being asked: "Was anything said by her at that time, in regard to ill-treatment, her husband not being present?" "When she came to your house in November, 1885, did she say anything in regard to ill-treatment of her by her husband, as being the cause which brought her down there?" "When Susan Cain came to your house in 1885, did she complain of any ill-treatment on the part of her husband, John?" These offers being objected to by the defendant, they were refused; exceptions.[2] [3] [4]

Opinion of the Court.

The plaintiff offered in evidence depositions of Lee D. Triol and Josephine C. Triol, wherein were given declarations made by the plaintiff to the witnesses, when at their house in November, 1884, not in the presence of the defendant, as to acts and conduct of her husband towards her. These portions of the depositions being objected to by the defendant, the objections were sustained; exceptions.[5][6][7][8]

Other like offers on the part of the plaintiff were refused.

At the close of the testimony, the case was submitted to the jury by WEAND, J., and a verdict returned in favor of the defendant. A rule for a new trial having been discharged and judgment entered, the plaintiff took this appeal, filing thirty-three specifications, and assigning as error, inter alia:

1–8. The refusal of plaintiff's offers.[1 to 8]

*Mr. Webster A. Melcher*, for the appellant.

As to the admissibility of the wife's declarations, counsel cited: Cattison v. Cattison, 22 Pa. 275; Ogden v. Railroad Co., 23 W. N. 191; Elkins v. McKean, 79 Pa. 493; Bealor v. Hahn, 117 Pa. 169; Hahn v. Bealor, 132 Pa. 242; Grim v. Bonnell, 78 Pa. 152; Albrecht v. Breder, 12 W. N. 170; Herster v. Herster, 116 Pa. 612.

*Mr. H. C. Boyer*, for the appellee, was not heard, and filed no printed brief.

PER CURIAM:

We do not think it was error to exclude the letter referred to in the first assignment. There was nothing upon its face to show its relevancy. Nor do we see any merit in the assignments relating to the exclusion of testimony. The declarations of the libellant, made in the absence of the respondent, were not evidence. They were not a part of the res gestæ. The remaining assignments refer to the charge of the court, and are not sustained. The facts of the case were submitted to the jury under an adequate charge.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.